

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BILAL MUHAMMAD ABDUS-SALAAM,<br><br>Defendant. | Case No. 1:20-CR-244 |

## STATEMENT OF FACTS

The United States and the defendant, BILAL MUHAMMAD ABDUS-SALAAM (hereinafter, "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. On or about July 16, 2020, in Fairfax County, Virginia, within the Eastern District of Virginia, the defendant, BILAL MUHAMMAD ABDUS-SALAAM, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, namely, Possession of a Firearm with Felony Conviction and Handgun in Vehicle in the Circuit Court for Anne Arundel County, Maryland, on or about August 30, 2018, knowingly possessed in and affecting interstate commerce a firearm, to wit: a Sig Sauer, model 556XI, 5.56 MM caliber rifle.

2. The defendant has a prior felony conviction from 2011 in the District of Columbia Superior Court for Carrying a Pistol Without a License. On August 30, 2018, the defendant was convicted in the Circuit Court of Anne Arundel County, Maryland, of one count of Possession of a Firearm with Felony Conviction, and one count of Handgun in Vehicle, and was

1

sentenced to 36 months' incarceration on each count, to run concurrently. As a result, on July 16, 2020, the defendant was not lawfully able to possess a firearm or ammunition.

3. Following these convictions, on or about July 16, 2020, the defendant entered two Federal Firearms Licensees ("FFL"), located within the Eastern District of Virginia. Surveillance footage recovered from Sharpshooters, in Lorton, Virginia, showed the defendant pick up and manipulate a Sig Sauer-Romeo Red Dot Optic sight designed for AR-15 rifles, before he took and handled a Sig Sauer, model 556XI, 5.56 MM caliber rifle from the sales associate. Then, the defendant suggested to his wife that she purchase the firearm he manipulated, which she did.

4. Surveillance footage recovered from SSG Tactical, in Stafford, Virginia, showed that, earlier that same day, the defendant and his wife entered the FFL. In the FFL, the defendant took and handled a Heckler and Koch, model Vp9, 9mm pistol from the sales associate. His wife then purchased the firearm he manipulated.

5. These events occurred within 24 days of the defendant's release from incarceration following his convictions in Maryland in 2018 and 5 additional months' incarceration for violating the terms of his supervised release in Washington, D.C. Thus, at the time of his possession, the defendant was aware that he had been previously convicted of a crime punishable for a term exceeding one year.

6. The defendant's wife resides at an address on Pleasant Valley Court, in Capitol Heights, Maryland. The defendant received mail at the Pleasant Valley Court address and was present at that address on numerous occasions in late July and early August 2020 following his release from incarceration.

7.  A search warrant was obtained for the Pleasant Valley Court residence, and was executed, on August 21, 2020. Law enforcement recovered the aforementioned Sig Sauer, model 556XI, 5.56 MM caliber rifle, the aforementioned Heckler and Koch, model Vp9, 9mm pistol, a Bushmaster, model XM15-E2S, 5.56 caliber rifle, a rifle upper receiver, firearm magazines, ammunition, and various other items associated with firearms from a downstairs living area and bedroom that also contained the defendant's clothing and mail matter.

8.  The defendant's wife admitted purchasing the Sig Sauer and Heckler and Koch firearms in Virginia.

9.  The firearms possessed by the defendant, constitute firearms pursuant to Title 18, United States Code, Section 921(a)(3), and were not manufactured in the Commonwealth of Virginia, and, therefore, these firearms traveled in, and/or affected interstate commerce.

10. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

11.     The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

Date: <u>October 27, 2020</u>     By: _____
Rachel M. Roberts
Special Assistant United States Attorney (LT)

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, BILAL MUHAMMAD ABDUS-SALAAM, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
BILAL MUHAMMAD ABDUS-SALAAM

I am Lula Hagos, the defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Lula Hagos, Esq.
Attorney for
BILAL MUHAMMAD ABDUS-SALAAM